


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>THERESA GONZALEZ, WARDEN,<br><br>　　　　Respondent. | Case No. SACV 11-0462-DDP (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

　　Petitioner is a California state prisoner currently incarcerated at California Men's Colony-East in San Luis Obispo. On March 23, 2011, he filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purported to be directed to a 2007 decision by the Board of Parole Hearings finding petitioner unsuitable for parole. According to petitioner, the Board commissioners and the California courts violated his federal due process rights by denying parole without articulating any "nexus" of evidence showing that petitioner presented a "current danger" to the public or giving any weight to the treating psychologist's assessment that petitioner's future risk for violence in the community was "overall extremely low."

　　The Supreme Court's recent decision in Swarthout v. Cooke, - U.S. -, 131 S. Ct. 859 (2011) (per curiam) is dispositive of petitioner's federal due process claim. There, in reversing Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), and rejecting the Ninth Circuit's position on the standard of review applicable to California parole

1

denials, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Neb. Penal and Corrections Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). See Cooke, 131 S. Ct. at 861-62. The Supreme Court observed that, where the records reflect that the prisoners were allowed to speak at the hearings and to contest the evidence, were afforded access to their records in advance, and were notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry into whether [the prisoners] received due process." See id. at 862. Under the Supreme Court's decision in Cooke, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." See id. at 862-63.

Here, petitioner is not contending that he was denied the minimal procedural due process protections set forth in Greenholtz. Moreover, here as in Cooke, the record before the Court, which includes the transcript attached to the Petition of the May 9 & 10, 2007 parole consideration hearings, reflects that petitioner (a) was allowed to speak at the hearings and to contest the evidence, (b) was afforded access to his records in advance, and (c) was notified as to the reasons why parole was denied. While petitioner maintains that the California courts incorrectly applied California's "some evidence" rule, and has cited state decisional authority in support of this contention, whether the California courts correctly applied California's "some evidence" rule is not a federal concern under the Supreme Court's decision in Cooke.

In apparent anticipation of the Court's application of Cooke to reject his federal due process claim, petitioner argues in the Petition that Cooke "is not a barrier to the filing of this petition" because it "was an accelerated Supreme Court ruling and does not hold the same judicial weight or force as that of the original decisions dealing

with state parole procedures, and the federal citations filed with the different federal courts across the United States post-<u>Greenholtz</u>, which have allowed these state prisoners to file their procedural challenges against the state Parole Board Officials, and have granted relief." The Court disagrees because it is clear from post-<u>Cooke</u> Ninth Circuit decisions that <u>Cooke</u> is being accorded controlling and dispositive weight in parole cases. See, e.g., <u>Wyrick v. Mendoza-Powers</u>, 2011 WL 835550, *1 (9th Cir. Mar. 10, 2011)[1] (affirming denial of habeas petition in light of <u>Cooke</u> where petitioner claiming the Board's decision "was not supported by 'some evidence' and therefore violated his due process rights," and not raising any procedural challenges); <u>Zumbro v. Cullen</u>, 2011 WL 835138, *1 (9th Cir. Mar. 10, 2011) (same); <u>Ibarra v. Sisto</u>, 2011 WL 831912, *1 (9th Cir. Mar. 10, 2011) (same); <u>Kunkler v. Muntz</u>, 2011 WL 830647, *1 (9th Cir. Mar. 9, 2011) (in light of <u>Cooke</u>, vacating previous order affirming district court judgment granting habeas petition, and instead reversing district court judgment); <u>Kutylo v. Vaughan</u>, 2011 WL 397650, *1 (9th Cir. Feb. 8, 2011) (affirming denial of habeas petition in light of <u>Cooke</u> where petitioner "was allowed an opportunity to be heard and was provided with a statement of the reasons why parole was denied"); <u>Tash v. Curry</u>, 2011 WL 304377, *1 (9th Cir. Feb. 1, 2011) (holding in light of <u>Cooke</u> that where the petitioner was allowed to speak at his parole hearing and to contest the evidence against him, was afforded access to his record in advance, and was notified as to the reasons why parole was denied, he was "afforded constitutionally adequate process, [and] his petition should have been denied"); <u>Smiley v. Hernandez</u>, 2011 WL 343951, *1 (9th Cir. Jan. 28, 2011) (affirming denial of habeas petition in light of <u>Cooke</u> where record reflected that petitioner "received adequate process" in that "he was allowed to contest the evidence against him, he was allowed to speak at his parole hearing, he was afforded access to review his file, and he was notified as to the reasons why parole was denied"). Indeed, the Ninth Circuit

---

[1] Ninth Circuit unpublished decisions are now citable for their persuasive value per Ninth Circuit Rule 36-3.

3

is not even issuing certificates of appealability where petitioners challenging the denial of parole are not claiming that they were denied the minimal procedural due process protections set forth in Greenholtz.  See, e.g., Smith v. Kane, 2011 WL 899558, *1 (9th Cir. Mar. 16, 2011); Jackson v. Marshall, 2011 WL 899724, *1 (9th Cir. Mar. 16, 2011); Chavez v. Kane, 2011 WL 880468, *1 (9th Cir. Mar. 14, 2011); Figueredo v. Hedgpeth, 2011 WL 835128, *1 (9th Cir. Mar. 10, 2011).

IT THEREFORE IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: AUG 16 2011

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge